UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONICA LOADHOLT and MICHELE JONES,<br><br>Plaintiffs,<br><br>v.<br><br>BARACK OBAMA; CHUCK HAGEL; ERIC HOLDER,<br><br>Defendants. | No. 2:13-cv-2607-MCE-EFB PS<br><br><br>FINDINGS AND RECOMMENDATIONS |

This matter is before the court on defendants' motion to dismiss plaintiffs' complaint pursuant to Federal Rules of Civil Procedure ("Rule") 12(b)(1) for lack of subject matter jurisdiction and 12(b)(6) for failure to state a claim.[1]  ECF No. 7 at 1.  For the reasons stated below, the motion must be granted.[2]

I.   BACKGROUND

On December 17, 2013, plaintiffs filed a complaint against Barack Obama, President of the United States, Chuck Hagel, Secretary of Defense of the United States, and Eric Holder,

---

[1] This case, in which plaintiffs are proceeding pro se, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

[2] The court determined that oral argument would not materially assist in the resolution of the motion and the matter was ordered submitted on the briefs.  *See* E.D. Cal. L.R. 230(g).

1

Attorney General of the United States, alleging violations of plaintiffs' constitutional rights and various criminal statutes. ECF No. 1. The complaint alleges that plaintiffs have been victims of various assaults by secret weaponry and other high tech devices belonging to the military and other intelligence agencies. *Id.* at 2-3. The alleged assaults include organized stalking, surreptitious home entry, unauthorized human testing by the military, torture with electrical current, microchip implantation, injections, use of laser beams, and electrical shock from devices secretly wired into plaintiffs' vacuum cleaner. *Id.* at 2-8. Plaintiffs allege numerous injuries resulting from these assaults, such as mental and emotional distress, bruising, cerebral trauma, nerve damage, eye nerve damage, and laser beam holes in clothes and underwear. *Id.* Plaintiffs also allege they were victims of other various criminal actions including covert harassment, torture, stalking, conspiracy to commit murder, illegal entry, witness tampering and intimidation, and retaliation. *Id.* at 5-6. Plaintiffs purport to assert claims under 42 U.S.C. §§ 1983, 1985, and various criminal statutes. *Id.* at 3-8.

Defendants move to dismiss the complaint pursuant to Rules 12(b)(1) and 12(b)(6), arguing that this court lacks subject matter jurisdiction and that plaintiffs have failed to allege sufficient facts to support a claim for relief.[3] ECF No. 7-1.

MOTION TO DISMISS

A. Rule 12(b)(1) Standards

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute . . . ." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). Rule 12(b)(1) allows a party to seek dismissal of an action where federal subject matter jurisdiction is lacking. "When subject matter jurisdiction is challenged under Federal Rules of Civil Procedure 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Tosco Corp. v. Cmtys. For a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001).

---

[3] Plaintiffs filed an opposition, and defendants filed a reply. ECF Nos. 9, 12. Plaintiffs also submitted, without prior approval of the court, a sur-reply to the motion to dismiss, which was considered in resolving the pending motion. ECF No. 13.

2

A party may seek dismissal for lack of jurisdiction "either on the face of the pleadings or by presenting extrinsic evidence." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003) (citing *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000)). In a factual challenge, the court may consider evidence demonstrating or refuting the existence of jurisdiction. *Kingman Reef Atoll Invs., LLC v. United States*, 541 F.3d 1189, 1195 (9th Cir. 2008). "In such circumstances, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.* (quoting *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987)).

### B. Rule 12(b)(6) Standards

To survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (quoting 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-236 (3d ed. 2004)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421, *reh'g denied*, 396 U.S. 869 (1969). The court will "presume that general allegations embrace those specific facts that are necessary to support the claim.'" *Nat'l Org. for Women, Inc. v. Scheidler*, 510 U.S. 249, 256 (1994) (quoting

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The Ninth Circuit has held that the less stringent standard for pro se parties is now higher in light of *Iqbal* and *Twombly*, but the court still continues to construe pro se filings liberally. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, the court's liberal interpretation of a pro se litigant's pleading may not supply essential elements of a claim that are not plead. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Furthermore, "[t]he court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). Neither need the court accept unreasonable inferences, or unwarranted deductions of fact. *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

In deciding a Rule 12(b)(6) motion to dismiss, the court may consider facts established by exhibits attached to the complaint. *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987). The court may also consider facts which may be judicially noticed, *Mullis v. U.S. Bankr. Ct.*, 828 F.2d at 1338, and matters of public record, including pleadings, orders, and other papers filed with the court, *Mack v. South Bay Beer Distribs.*, 798 F.2d 1279, 1282 (9th Cir. 1986).

C. Discussion

Defendants argue that (1) plaintiffs have no private right of action under the criminal statutes they purport to sue under; (2) plaintiffs fail to state a claim under 42 U.S.C. § 1983 as defendants are not state actors; (3) plaintiffs fail to allege racial or class based discrimination as necessary under 42 U.S.C. § 1985; and (4) plaintiffs' tort claims are barred by sovereign immunity because plaintiffs failed to exhaust their administrative remedies in accordance with the Federal Torts Claims Act ("FTCA").[4] ECF No. 7-1 at 3-5.

---

[4] In their opposition, plaintiffs conceded that they are not bringing claims under the FTCA. ECF Nos. 9 at 7; 13 at 3. Accordingly, the court need not reach the government's exhaustion argument.

4

1. Criminal Statutes

Plaintiffs predicate several of their claims on alleged violations of 10 U.S.C. § 920a and 18 U.S.C. §§ 241, 242, 1503, 1509, 1512, 1513, 1117, and 2340.  ECF No. 1 at 5.  None of these criminal statutes provide for a private right of action.  *See, e.g.,* 10 U.S.C. § 806b(d) (stating "[n]othing in this section shall be construed . . . (1) to authorize a cause of action for damages); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (holding 18 U.S.C. §§ 241 and 242 provide no private right of action); *Harvey v. City of S. Lake Tahoe*, 2011 U.S. Dist. LEXIS 87944, at *26 (E.D. Cal. Aug. 9, 2011) (Section 1503 is a criminal statute that does not provide for civil enforcement) (citing *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1482 (9th Cir.), *judgment aff'd*, 525 U.S. 299 (1999)); *Lavelle v. Lavelle*, 2007 U.S. Dist. LEXIS 95233, at *4-6 (E.D. Wash. Dec. 14, 2007) (There is no private cause of action under 18 U.S.C. § 1509); *Rowland v. Prudential Fin., Inc.*, 362 F. App'x 596, 596-597 (9th Cir. 2010) (affirming a dismissal of a claim under 18 U.S.C. § 1512 because the statute does not provide a private right of action); *Thomas v. Bryant*, 2009 U.S. Dist. LEXIS 77031, at *5 (W.D. Wash. Aug. 7, 2009) (finding no private right of action under 18 U.S.C. § 1513) (citing *Shahin v. Darling*, 606 F. Supp. 2d 525, 539 (D. Del. Mar. 31, 2009); *Bardes v. Magera*, 2009 U.S. Dist. LEXIS 91441, at *50 (D.S.C. Aug. 10, 2009) (holding plaintiff had no private right of action under 18 U.S.C. § 1117); *Kervin v. City of New Orleans*, 2006 U.S. Dist. LEXIS 71047, *12 (E.D. La. Sept. 28, 2006) (holding that 18 U.S.C. § 2340 only applied to torture outside the United States and provided no private right of action).[5]

---

[5] Plaintiffs also allege a violation of 18 U.S.C. § 213.  They refer to the title of that statute as "Illegal Surreptitious Entry."  ECF No. 1 at 5.  As noted by defendants, that statute is actually entitled "Acceptance of Loan or Gratuity by Financial Institution Examiner."  *See* 18 U.S.C. § 213.  In their opposition, plaintiffs correct themselves and note that 18 U.S.C. §§ 2510-2520 are the statues for "Illegal Surreptitious Entry."  ECF No. 9 at 5.  It appears that plaintiffs intend to allege a claim for violation of the Federal Wiretap Act.  That act provides that "any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter may in a civil action recover from the person or entity, other than the United States, which engaged in that violation such relief as may be appropriate."  18 U.S.C. § 2520(a).  As this action is brought against defendants in their official capacity, it is essentially an action against the United States and therefore expressly barred by 18 U.S.C. § 2520(1)(a).  *See Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985) ("[A] suit against IRS employees in their official capacity is essentially a suit against the United States.  As such, absent express statutory consent to sue, dismissal is required"); *see also Marshall v. Johnson*, 2005 U.S. Dist. LEXIS 9620, at

5

Therefore, plaintiffs' claims premised on those criminal statutes must be dismissed without leave to amend.

## 2. 42 U.S.C. § 1983

Plaintiffs' complaint also purports to allege a claims under 42 U.S.C. § 1983. ECF No. 1 at 10. Section 1983 does not itself create substantive rights. Rather, it provides a statutory remedy for the violation by state actors of otherwise federally protected rights. *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006). To state a claim under § 1983 a plaintiff must allege: (1) a violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). An individual defendant is not liable on a civil rights claim unless the facts establish each defendant's personal involvement in the constitutional deprivation or a causal connection between each defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-744 (9th Cir. 1978). That is, plaintiffs may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. *Iqbal*, 556 U.S. at 676.

Plaintiffs assert that their Fourth and Fourteenth Amendment rights were violated, ECF No. 1 at 3, 8, but fail to allege how or in what way any of the defendants personally violated plaintiffs' rights. As a defendant cannot be held vicariously liable in a § 1983 claim, the named defendants cannot be held responsible for the alleged wrongful actions of their employees.

/////

---

*21-23 (W.D. Ky. May 19, 2005) (18 U.S.C. § 2520 does not provide a cause of action against the FBI and the individually named defendants in their official capacity); *Ellis v. Bazetta Police Dep't*, 2005 U.S. Dist. LEXIS 10356, at *6-7 (N.D. Ohio Apr. 26, 2005) (determining that § 2520 did not create a private right of action against the FBI). The exclusive remedy against the United States for violations of the Federal Wiretap Act is under 18 U.S.C. § 2712, which requires the claim comply with the procedural requirements of the FTCA. *Id.*; 18 U.S.C. § 2712(b) ("Any action against the United States under this section may be commenced only after a claim is presented to the appropriate department or agency under the procedures of the Federal Tort Claims Act."). Plaintiffs fail to cite to this statute, and as discussed above, explicitly state they are not bringing any claims under the FTCA. Furthermore, even if plaintiffs were to allege claims under the FTCA, they failed to allege compliance with the exhaustion requirements of the statute. *See Gillespie v. Civiletti*, 629 F.2d 637, 640 (9th Cir. 1980) (failure to allege exhaustion under the FTCA is grounds for dismissal).

1   Further, and more importantly, all named defendants are federal officials; as such defendants
2   were not acting "under the color of state law." *See Kali v. Bowen*, 845 F.2d 329, 331 (9th Cir.
3   1988) ("federal officials who violate federal rights protected by § 1983 generally do not act under
4   the color of state law.") (internal citation and quotations omitted).  Accordingly, plaintiffs cannot
5   maintain a § 1983 claim against defendants.

6   In their opposition, plaintiffs suggest that their civil rights claim could proceed under
7   *Bivens v. Six Unknown Named Agents of the Fed. Bur. of Narcotics,* 403 U.S. 388, 396 (1971),
8   ("*Bivens*").  ECF No. 9 at 5.  A *Bivens* claim is "against a federal employee 'in his individual
9   rather than official capacity.'" *Balser v. DOJ*, 327 F.3d 903, 909 (9th Cir. 2003) (quoting
10  *Holloman v. Watt*, 708 F.2d 1399, 1401 (9th Cir. 1983)).  Under the doctrine of sovereign
11  immunity, federal agents acting in their official capacity are immune from suit.  *See FDIC v.*
12  *Meyer*, 510 U.S. 471, 486 (1994); *Vaccaro v. Dobre*, 81 F.3d 854, 857 (9th Cir. 1996); *Cato v.*
13  *United States*, 70 F.3d 1103, 1110 (9th Cir. 1995).  Here, plaintiffs fail to specifically allege facts
14  showing that any of the named defendants individually caused a violation of plaintiffs' rights.
15  Plaintiffs allege they have been victims of various assaults by secret weaponry and other high
16  tech devices belonging to the military and other intelligence agencies, ECF No. 1 at 2-3, but do
17  not allege that any of the named defendants participated in any of the alleged conducted that form
18  the basis for their complaint.  Rather, it appears that plaintiffs have named defendants simply in
19  their capacity as government officials and not because of their individual acts.  Accordingly,
20  plaintiffs cannot assert a *Bivens* claim against defendants.

21              3.  <u>42 U.S.C. § 1985</u>

22  Although not entirely clear, it appears plaintiffs are attempting to state a § 1985 claim
23  under either § 1985(2) or § 1985(3), as § 1985(1) is not applicable here.[6]  ECF No. 1 at 10.  There
24  are two clauses under section 1985(2) under which a defendant may be liable.  First, a defendant
25  may be liable under 1985(2) by denying a plaintiff access to federal court.  *Portman v. County of*
26  *Santa Clara*, 995 F.2d 898, 908-909 (9th Cir. 1993).  "A claim under section 1985(2), part one, is

---

[6] Section 1985(1) provides for a civil action for preventing an officer from performing his or her duties, which is not alleged here.

composed of three essential elements: (1) a conspiracy between two or more persons, (2) to deter a [party, juror, or] witness by force, intimidation, or threat from attending federal court or testifying freely in a matter there pending, which (3) causes injury to the claimant." *Rutledge v. Arizona Bd. of Regents*, 859 F.2d 732, 735 (9th Cir. 1988); *see Dooley v. Reiss*, 736 F.2d 1392, 1395-96 (9th Cir. 1984) (allegations that defendants conspired to commit perjury and to conceal evidence failed to state a claim for relief under section 1985(2) because alleged actions did not influence or seek to influence claimant by force, intimidation, or threat). A defendant may also face liability under section 1985(2) by denying a plaintiff access to state courts based on class-based animus. *Portman*, 995 F.2d at 908-909 (9th Cir. 1993). Here, the complaint does not allege any facts demonstrating that defendants conspired to deter plaintiffs or any other individual from testifying in federal court proceedings or that any defendant denied them access to state courts. Furthermore, plaintiffs do not allege that they are members of a protected class or facts showing that defendants acted with a racial or other class based animus. Accordingly, plaintiffs fail to state a claim under 1985(2).

Section 1985(3) provides for a civil action for damages caused by two or more persons who "conspire . . . for the purpose of depriving" the injured persons of "the equal protection of the laws, or of equal privileges and immunities under the laws" and take or cause to be taken "any act in furtherance of the object of such conspiracy." 42 U.S.C. § 1985(3). The elements of a § 1985(3) claim are: (1) the existence of a conspiracy to deprive the plaintiff of the equal protection of the laws; (2) an act in furtherance of the conspiracy; and (3) a resulting injury. *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1141 (9th Cir. 2000) (citing *Scott v. Ross*, 140 F.3d 1275, 1284 (9th Cir. 1998)). The first element requires that there be some racial or class based "invidious discriminatory animus" for the conspiracy. *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 268-69, 113 S. Ct. 753, 122 L. Ed. 2d 34 (1993); *Trerice v. Pedersen*, 769 F.2d 1398, 1402 (9th Cir. 1985). Again, there are no allegations that plaintiffs are members of a protected class or facts demonstrating that defendants acted with class based discriminatory intent.

/////

In their opposition brief, plaintiffs contend that the alleged assaults by defendants constitute gender discrimination. *See* ECF No. 9 at 6. There are no allegations in the complaint, however, that any of the alleged conduct was the product of discrimination. Furthermore, there are no allegations that there was any agreement or "meeting of the minds" by the defendants to deprive plaintiffs of their constitutional rights. More importantly, plaintiffs cannot maintain their § 1985 claim absent a valid § 1983 claim. *See Caldeira v. County of Kauai*, 866 F.2d 1175, 1182 (9th Cir. 1989). As explained above, plaintiffs have not, and cannot, allege a 1983 claim against the named defendants. Accordingly, plaintiffs' § 1985 claim must be dismissed.

### D. Leave to Amend

The remaining question is whether dismissal should be with leave to amend. As explained above, plaintiffs cannot maintain their § 1983 and § 1985 claims against defendants, and the criminal statutes relied upon do not create a private right of action. More importantly, the allegations of plaintiffs' compliant of "torture with electrical current, microchip implantation, injections, use of laser beams, and electrical shock from devices secretly wired into plaintiffs' vacuum cleaner," ECF No. 1 at 2-8, lack even "an arguable basis either in law or fact," and appear "fanciful," "fantastic," or "delusional." *Neitzke v. Williams*, 490 U.S. 319, 325, 328 (1989). Granting plaintiffs leave to amend in light of plaintiffs' underlying premise would be futile. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely."); *see also Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts."). Accordingly, the complaint should be dismissed without leave to amend.

## II. CONCLUSION

Accordingly, it is hereby RECOMMENDED that:

1. Defendant's motion to dismiss, ECF No. 7, be granted;

2. Plaintiffs' complaint be dismissed without leave to amend; and

    3. The Clerk be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 26, 2015.

                                EDMUND F. BRENNAN
                                UNITED STATES MAGISTRATE JUDGE